IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:08-cr-54 |
| | ) | |
| Howard O. Kieffer, | ) | |
| | ) | **ORDER ON MOTIONS** |
| Defendant. | ) | |

Before the court are four motions filed by the Defendant. They are: motion for bill of particulars, motion to strike surplusage, motion to examine prospective jurors, and motion for disclosure of witness list.

**I   BACKGROUND**

The superseding indictment in this case charges the Defendant with one count of mail fraud, and one count of making a false statement. The false statement charge relates to a petition for admission to the bar of the United States District Court for the District of North Dakota submitted by the Defendant in which the Government alleges the Defendant falsely claimed to be a law school graduate and a member of the bar of another federal court. The mail fraud claim relates to allegations that the Defendant used his admission to the bar of the United States District Court for the District of North Dakota in order to gain admission to the bar in other courts and that he represented a number of individuals in this court and other courts and was paid for his efforts.

**II.   DISCUSSION**

   **A.   Disclosure of Witnesses List**

The Defendant asks the Court to order the Government to disclose its witness list to the Defendant ten days prior to trial. Trial is scheduled for April 14, 2009. In its response the

1

Government agreed to disclose its witness list to the Defendant on or before April 3, 2009. The Court has no reason to believe the Government will not disclose its witness list as promised. The matter is effectively moot.

### B. Examination of Prospective Jurors

The Defendant asks that he be allowed to examine the jury panel during the jury selection process.

The examination of prospective jurors is covered by Rule 24(a) of the Federal Rules of Criminal Procedure. Rule 24(a) provides as follows:

> (a) Examination.
>
> > (1) In General. The court may examine prospective jurors or may permit the attorneys for the parties to do so.
> >
> > (2) Court Examination. If the court examines the jurors, it must permit the attorneys for the parties to:
> >
> > > (A) ask further questions that the court considers proper; or
> > >
> > > (B) submit further questions that the court may ask if it considers them proper.

Fed. R. Crim. P. 24(a).

The court will follow its standard procedure in this case. That is, the Court will conduct the initial examination. The parties may, prior to trial, submit questions for the Court to ask during its examination. After the Court has conducted its examination the parties will be allowed twenty minutes each to examine the panel.

### C. Surplusage

The Defendant argues paragraphs five through nine of the superseding indictment are surplusage and asks that they be stricken. The motion is brought pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure. The Government resists the motion.

2

Count One of the superseding indictment charges mail fraud. Count One contains ten numbered paragraphs under the heading "The Scheme and Artifice." Paragraph five alleges the Defendant used his admission to the bar in the District of North Dakota to obtain pro hac vice admission in three other federal courts. Paragraph six alleges the Defendant represented three individuals in the District of Minnesota and collected some $92,000 in fees for having done so. Paragraph seven alleges the Defendant represented an individual in the District of Colorado for which he was paid $50,000. Paragraph eight alleges the Defendant represented an individual in the Western District of Missouri and was paid $15,000. Paragraph nine alleges the Defendant represented to all the persons and courts referenced in paragraphs five through eight that he was a properly licensed attorney.

The Defendant argues that paragraphs five through nine are gratuitous and irrelevant surplusage as the actions specified did not occur in the District of North Dakota. The decision to strike surplusage from an indictment is a matter within the trial court's discretion. United States v. DeRosier, 501 F.3d 888, 897 (8th Cir. 2007). Such a motion should only be granted where the allegations in the indictment are irrelevant to the charge made or contain inflammatory and prejudicial information. Id.

The scheme to defraud that has been alleged involves multiple victims in a number of districts who were led to believe the Defendant was a properly licensed attorney and paid him accordingly. In furtherance of this scheme the Defendant allegedly used the mails to submit documents to the United States District Court for the District of North Dakota. It would be a rare mail fraud charge that did not involve actions taken in furtherance of the scheme outside the district wherein the prosecution takes place. The monies referenced in paragraphs five through nine are essential to the charge as any mail fraud indictment must allege a scheme to defraud another of money or property. See Cleveland v. United States, 531 U.S. 12, 26-27

(2000)(prosecutions under 18 U.S.C. § 1341 require the object of the fraud to be property). The money or property as alleged in this case is the approximately $157,000 detailed in paragraphs five through nine. The allegation that Defendant solicited and received money from individuals after making certain false and fraudulent representations is central to the scheme to defraud which has been alleged. Paragraphs five through nine are not surplusage.[1]

### D.      Bill of Particulars

The Defendant requests a bill of particulars as to Count One (Mail fraud). Specifically, the Defendant requests explanation as to what evidence supports the use of the phrase "letters, pleading, and other documents" other than the documents entitled "Petition for Admission to the Bar" and "Oath of Admission" previously disclosed by the Government. The Defendant also seeks an explanation as to how these documents could support the mail fraud allegation. In its response the Government explains that in addition to the "Petition for Admission to the Bar" and "Oath of Admission," it may also offer a June 26, 2008, letter from the Defendant to the Clerk of Court and a $15 check. These items have previously been disclosed to the Defendant. The Government further explains that the Defendant used the mails to deliver the aforementioned documents by which he fraudulently obtained admission to the U.S. District Court Bar. He then used that admission to gain admission in other districts. Using these fraudulently obtained bar admissions the Defendant held himself out as an attorney, obtained clients, and received payment for his services.

A bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable the defendant to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable the defendant to plead acquittal or conviction in bar of

---

[1] Even were the paragraphs surplusage it would be of little consequence as the Court is not in the habit of submitting the indictment to the jury but rather describing the charges generally in the preliminary instructions.

another prosecution for the same offense when the indictment is too vague and indefinite. United States v. Hernandez, 299 F.3d 984, 989-90 (8th Cir. 2002). The Court, in its discretion, may direct the Government to file a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. A motion for a bill of particulars should be filed within ten days of arraignment although the court may permit such a motion at a later time. Fed. R. Civ. P. 7(f). In order to show reversible error from the denial of a motion for a bill of particulars, a defendant must show that he was actually surprised at trial and suffered prejudice from the denial. Id. The granting or denial of a bill of particulars lies within the broad discretion of the trial court. Id.; United States v. Maull, 806 F.2d 1340, 1345 (8th Cir. 1986). A bill of particulars may not be used as a discovery tool nor may it be used to obtain a detailed disclosure of the Government's evidence and theories. United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993). An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, if it fairly informs the defendant of the charges against which he must defend, and if it alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993) (citing United States v. Young, 618 F.2d 1281, 1286 (8th Cir. 1980)).

The Court finds that the Superseding Indictment is legally sufficient. It fairly informs the Defendant of the criminal charges against him. All the required elements appear to have been pled. The "Scheme and Artifice" section gives a sufficiently detailed explanation of the fraud allegedly perpetrated by the Defendant. The Government's response to the motion gives further explanation of its theory of the case and what documents it intends to use in proving the mail fraud charge. A bill of particulars is not warranted.

### III.   CONCLUSION

Accordingly, the motion for disclosure of witness list is **DENIED** as moot. The motion to

examine the prospective jurors is **GRANTED** in part and as explained above. The motions for a bill of particulars and to strike surplusage are **DENIED**.

    **IT IS SO ORDERED.**

Dated this 2nd day of April, 2009.

                                                    /s/ *Patrick A. Conmy*
                                                   Patrick A. Conmy, Senior District Judge
                                                          United States District Court