IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:08-cr-54 |
| | ) | |
| Howard O. Kieffer, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |

Before the Court is the Defendant's motion in limine. The motion seeks to prevent the Government from introducing evidence of the Defendant's prior convictions. The motion was filed in response to the Government's filing of a Notice of Intent to use Rule 609 Evidence.

**I    BACKGROUND**

The superseding indictment in this case charges the Defendant with one count of mail fraud and one count of making a false statement. The false statement charge relates to a petition for admission to the Bar of the United States District Court for the District of North Dakota submitted by the Defendant in which the Government alleges the Defendant falsely claimed to be a law school graduate and a member of the bar of another federal court. The mail fraud claim relates to allegations that the Defendant used his admission to the Bar of the United States District Court for the District of North Dakota in order to gain admission to the Bar in other courts and that he represented a number of individuals in various courts and was paid for his efforts.

As required by Rule 609, the Government has filed notice of intent to use evidence of the Defendant's prior convictions if he chooses to testify. The prior convictions would be used only during cross-examination of the Defendant and for the purpose of impeaching his credibility. The prior convictions consist of a 1989 federal felony conviction on four counts of making false

claims against the United States in violation of 18 U.S.C. § 287. The Defendant was sentenced to five years imprisonment and five years of supervised release. He was released from imprisonment on January 20, 1993, and from supervision on May 1, 1994. The false claims related to fraudulent tax returns and earnings statements the Defendant submitted to the IRS which resulted in his collecting over $200,000 in tax refunds which he was not due.

The parties agree the conviction involves acts of dishonesty or false statements and falls outside ten year time limit established by Rule 609(b). The parties disagree as to whether the probative value of the evidence substantially outweighs its prejudicial effect.

## II.     DISCUSSION

### A.     Rule 609

Rule 609 of the Federal Rules of Evidence, in pertinent part, provides as follows:

**(a) General rule**.--For the purpose of attacking the character for truthfulness of a witness,

> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

> (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

**(b) Time limit**. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such

>evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Fed. R. Evid. 609.

A conviction more than ten years old is not admissible unless the Court finds that, in the interests of justice, its probative value, supported by specific facts and circumstances, substantially outweighs the prejudicial effect. United States v. Brown, 956 F.2d 782, 787 (8th Cir. 1992). The trial court has broad discretion in making such a determination. Id. Convictions more than ten years old should be admitted rarely and only when exceptional circumstances exist. United States v. Felix, 867 F.2d 1068, 1074 (8th Cir. 1989). "Substantially outweighs" is a high burden.

In weighing the probative value versus the prejudicial effect the Court will consider the following:

    (1) The impeachment value of the prior crime.
    (2) The date of the conviction and the Defendant's subsequent history.
    (3) The degree of similarity between the past crime and the charged crime.
    (4) The importance of the Defendant's testimony.
    (5) The centrality of the credibility issue.

4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 609.06 (Joseph M. McLaughlin, ed., Matthew Bender 2d. ed. 2008).

The nature of the previous conviction (false claims) is such that it has significant impeachment value regarding the Defendant's credibility. However, the similarity of the false claims conviction and the current charge of making false statements, both of which imply a high degree of dishonesty, weighs against admission as evidence of very similar crimes should rarely be admitted. Id. at § 609.05[3][d]. The false claims conviction is quite old, the Defendant having been convicted in 1989 and his supervised release terminated in 1994.

The Court has no information upon which to base an analysis of the importance of the

3

Defendant's testimony or the importance of his credibility. This is because the Court has no idea what the Defendant's theory of the case is or what testimony the Defendant might provide in support of that theory.

The Court is not inclined to allow the Government to present any evidence regarding the prior conviction. However, there is not enough information in the parties submissions for the Court to fully weigh the relevant factors. Any ruling in favor of the Defendant on this issue would come with the warning that the Court reserves the right to reverse its ruling should the Defendant's testimony open the door or if necessary to give the jury "a more comprehensive view of the trustworthiness of the defendant as a witness." Id. at § 609.05[3][e]. At this time the Court will withhold ruling until such time as is necessary and the evidence presents itself. See United States v. Rivers, 693 F.2d 52, 53-54 (8th Cir. 1982)(delayed ruling is justified where the trial court does not have sufficient facts upon which to make an informed decision). The burden is on the moving party to provide the Court with sufficient information upon which to base an advance ruling. Id. The issue may resolve itself if the Defendant does not take the witness stand or if the Government decides to avoid a possible ground for appeal. The Court will not allow any reference to the Defendant's convictions during opening statements.

**B.     Rule 404(b)**

The Defendant's argument that evidence that he appeared as counsel in other federal districts should be excluded under Rule 404(b) is unavailing. This conduct, representing individuals in other jurisdictions and being paid for his services, is the very conduct which constitutes the scheme with which he has been charged. This conduct is not 404(b) evidence. Rule 404(b) "governs the admission into evidence of wrongful conduct other than the conduct at issue." United States v. Johnson, 463 F.3d 803, 808 (8th Cir. 2006). Rule 404(b) applies only to extrinsic evidence and does not apply to intrinsic evidence. Id. Wrongful conduct which provides

the context in which the charged crime was committed or provides proof of an element of the charged crime is considered intrinsic. Id.  The motion is denied.

### III. CONCLUSION

Accordingly, ruling on the motion in limine is deferred in part and denied in part as explained above.

**IT IS SO ORDERED.**

Dated this 10th day of April, 2009.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court